UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QBE AMERICAS, INC., d/b/a QBE NORTH AMERICA<br><br>      Petitioner,<br><br>      -v-<br><br>STEVEN ALLEN and GREGORY DEKKER,<br><br>      Respondents. | 22-cv-756 (JSR) |
| QBE AMERICAS, INC., d/b/a QBE NORTH AMERICA<br><br>      Plaintiff,<br><br>      -v-<br><br>KRISTINA ORCUTT, KRISTINA MULLIGAN, and APPLIED UNDERWRITERS, INC.<br><br>      Defendants. | 22-cv-757 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On March 24, 2022, this Court issued a Memorandum Order granting in part and denying in part the motions of plaintiff-petitioner QBE Americas, Inc. for preliminary injunctions in the two above-captioned related cases.[1] Allen ECF 42, Orcutt ECF 30 ("Mem. Order"). The Memorandum Order directed the parties to meet and confer and to jointly

---

[1] Where not otherwise defined, all capitalized terms have the definitions set forth in the Memorandum Order. Documents filed on the 22-cv-756 docket are referenced by "Allen ECF ___" and documents filed on the 22-cv-757 docket referenced by "Orcutt ECF ___."

1

submit a list of Covered QBE Aviation Insurance Policyholders that fall within the likely enforceable scope of the client non-solicitation covenant, as construed by the Court's rulings in the Memorandum Order. Now, having received a stipulated list of Covered QBE Aviation Insurance Policyholders for whom QBE seeks to renew general aviation policies and aviation workers' compensation policies, the Court enters this preliminary injunction order.

IT IS HEREBY ORDERED THAT, from the date of this Order through the earlier of October 1, 2022 or the Court's entry of a final judgment in the above-captioned litigations:

1. Allen, Dekker, and Applied[2] shall not use, disclose, or share with any person or entity (i) any document taken from QBE by any former employee of QBE or (ii) any other information that QBE claims in its petition to be confidential and to have been misappropriated from QBE. Within 14 days from the entry of this Order, Allen, Dekker, and Applied shall search their paper and electronic files for any copies of such documents or records containing such information and destroy those documents or records.

2. Allen, Dekker, and Applied shall not, directly or indirectly through others (including through agents or brokers), solicit any Covered QBE Aviation Insurance Policyholder or discourage any Covered QBE Aviation Insurance Policyholder from doing further

---

[2] Insofar as this Order imposes obligations or restrictions on Applied, those obligations and restrictions apply equally to any employee, subsidiary, or other agent of Applied.

2

business with QBE. The term "Covered QBE Aviation Insurance Policyholder" shall include all policyholders listed in the attached Exhibit A (general aviation insurance policyholders) and Exhibit B (aviation workers compensation policyholders) whom or which has been a QBE policyholder since October 1, 2020, and who remains an active policyholder of QBE as of the date of this Order.[3]

3. The Clerk is directed to shift and apply hereto the $20,000 aggregate bond posted by QBE in connection with the two Temporary Restraining Orders previously entered in the above-captioned cases. See Allen ECF 12 ¶ 6, Orcutt ECF 13 ¶ 5 ("TROs").

4. The TROs are dissolved upon entry of this Order.

SO ORDERED.

New York, NY  
April 20, 2022

_____  
JED S. RAKOFF, U.S.D.J.

---

[3] The Court previously provided QBE leave to file the policyholders' names under seal, and those names are again sealed in Exhibits A and B. See Mem. Order at 40-41.